STATE v. JEROME PATRICK STRUZAN.

214 N. W. 2d 342.

January 18, 1974—No. 43365.

*C. Paul Jones,* State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, and *Theodore R. Rix, Vernon E. Bergstrom,* and *Michael McGlennen,* Assistant County Attorneys, for respondent.

PER CURIAM.

Defendant, who was charged with kidnapping, aggravated rape, indecent liberties, and sexual intercourse with a child, pleaded guilty to aggravated rape pursuant to a plea agreement negotiated by his privately retained counsel and, after a mandatory presentence investigation, received the sentence for which he had bargained. He appeals from judgment of conviction and also seeks review of a postconviction order denying his petition to withdraw the plea, the matter having been remanded during the pendency of his direct appeal so that a postconviction hearing could be held. Defendant contends that the trial court erred in denying his request, made before sentence was imposed, for permission to withdraw his guilty plea and also that the postconviction court erred in denying the same requested relief.

We have examined the record carefully and conclude that neither the trial court nor the postconviction court erred in refusing to permit defendant, to withdraw his plea. When he entered his plea, defendant fully admitted his guilt and testified sufficiently to establish a factual basis for accepting his plea. At that time counsel and the trial court questioned defendant in detail to ensure that he was entering his plea voluntarily and knowingly and that he was satisfied with his counsel. Neither the trial court nor the postconviction court was obligated to believe defendant's later claim that he had pleaded guilty, even though innocent, because of improper pressure from his counsel or because of misinformation from his counsel concerning the maximum possible sentence he could receive if convicted of all four charges.[1]

Affirmed.

---

[1] A. B. A. Standards for Criminal Justice, Standards Relating to Pleas of Guilty (Approved Draft, 1968) § 2.1, provides as follows: "(a) The court should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.

"(i) A motion for withdrawal is timely if made with due diligence,

Mr. Chief Justice Sheran, not having been a member of this court at at the time of the submission, took no part in the consideration or decision of this case.

Mr. Justice Scott took no part in the consideration or decision of this case.

---

considering the nature of the allegations therein, and is not necessarily barred because made subsequent to judgment or sentence.

"(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:

(1) he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;

(2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;

(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed; or

(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement.

"(iii) The defendant may move for withdrawal of his plea without alleging that he is innocent of the charge to which the plea has been entered.

"(b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance .upon the defendant's plea."